RAYMOND HATHAWAY et al., Respondents, *v.* FRANK C. HARRIS, Appellant, and M. MURPHY & SON, INC., Respondent.

Fourth Department, March 14, 1956.

*Clarence G. Pickard* for appellant.

*Harry M. Young* and *Roger M. Brown* for Raymond Hath-. away and another, respondents.

*Shane & McCarthy* for M. Murphy & Son, Inc., respondent.

KIMBALL, J. The allegations of the complaint set forth a cause of action in fraud and deceit. The plaintiffs' claim, therein stated, was that by false and fraudulent representations on the part of the defendant Harris, they were induced to sign a timber agreement for the sale of certain timber on their farm for the sum of $2,000. They alleged that Harris falsely represented that the written agreement was to be executed solely as collateral security for a loan of $2,000 made by Harris to the plaintiffs. The plaintiffs alleged reliance upon the representations of the said defendant; that Harris knew the representations were false and were made for the purpose of deceiving and defrauding the plaintiffs and that the plaintiffs relied upon the representations to their damage. The complaint alleged the assignment of the timber purchase agreement to the defendant, M. Murphy & Son, Inc., and that the timber mentioned in the agreement was worth in excess of $6,000. As to the defendant Murphy, the complaint was dismissed.

Only one cause of action is stated and that is solely on the theory that the written agreement was never intended by the plaintiffs to be an agreement to sell any timber to the defendant Harris, but was " solely and purely a collateral agreement " and that upon payment by them of the loan of $2,000, they were to be reinvested " with all the rights and interests which they had in and to the property mentioned therein prior to the making of said collateral agreement." The relief demanded was (1) that the agreement be declared null and void; (2) in the alterative, that the agreement be reformed; (3) that, as reformed, the defendant be ordered to carry out the agreement; (4) that plaintiffs be awarded money damages. Whether this was essentially an action in equity or one at law is immaterial now, since the parties stipulated to try the same before the court without a jury.

The judgment from which the defendant Harris appeals did not reform the agreement nor did it set it aside as void. It decreed that the acknowledgment on the agreement should be stricken from the " paper "; that the " paper " was not entitled to be recorded and that it be stricken from the records of the County Clerk of Chautauqua County. The judgment awarded the plaintiffs money damages of $4,000 " for fraud ", with interest amounting to $1,070 and provided for body execution if not paid.

The plaintiffs gave testimony in support of their alleged understanding that the agreement was one of collateral security for a loan of $2,000. The plaintiff, Lucy Hathaway, testified also that " they didn't think the Harris agreement provided for the whole woods." She said they never agreed to sell all of it. The evidence given on behalf of the defendant contradicted the plaintiffs' claim that the agreement was to be one for collateral security only. Fraud is never presumed but must be proved. Were it necessary we would be compelled to reverse the judgment on the sole ground that a finding of fraud is against the weight of the evidence. It is quite incredible that the defendant, Harris, a timber buyer and known to the plaintiffs as such, would make a loan of $2,000 to the plaintiffs without interest which could be repaid at any time up to five years. If the written agreement was to be security for such repayment and security only, then it was hollow and illusive collateral for the reason that, after the expiration of five years, all uncut timber therein described reverted to the plaintiffs and according to plaintiffs' contention, Harris could cut no timber unless the $2,000 was not repaid by the end of five years. We would be bound to reverse the judgment also for the reason that there is no proof of the value of the timber described in the contract. No one has testified as to the amount or value of the timber described in the agreement as follows: " all the timber 14 inches in diameter and over when measured 12 inches from the ground." The only testimony which bears upon the question of damages refers either to all the timber on the premises or to " all standing timber twelve (12) inches in diameter measured at a distance of twelve (12) inches from the ground ". The latter proposed sale, which was not consummated, gave the purchaser fifteen years within which to cut and remove the timber. As to the amount and value of the timber described in the agreement, the record is devoid of proof. Damage is an essential element in an action based upon fraud and deceit. For this reason also, the judgment must be reversed.

The court, in its opinion, disregarded the theory of the action as set forth in the complaint and as testified to by the plaintiffs. The court did not hold that the agreement was one for collateral security for a loan of $2,000. It is stated that the written agreement "is at variance with the express purpose of the plaintiffs, which was to sell only enough timber at going prices to amount to $2,000.00; that in effect, this contract makes them sell for $2,000.00 *all of the timber on the property,* an amount of timber for which they had been offered $6,000.00; that the paper was not an expression of their real agreement. In this we believe them." (Emphasis supplied.) The court found as a fact that Harris fraudulently obtained the signatures of the plaintiffs "to a paper purporting to convey from the Plaintiffs to the Defendant Frank C. Harris *all timber located on the said farm of the Plaintiffs."* (Emphasis supplied.) It is on this erroneous finding of fact that the judgment rests. The written contract did not purport to sell all the timber on the farm but only that of fourteen inches or more in diameter. The finding of fact above referred to is at variance with another finding that "the plaintiffs thought they were signing a document which would put into effect their prior understanding of the agreement relative to the timber and that was that they were to sell only enough timber at going prices to amount to $2,000.00." The latter finding of fact is inconsistent with the claim that the real agreement was one for collateral security for a loan. It is also inconsistent with the finding that the written agreement was for a sale of all the timber on the farm. There are no findings of fact as to what the alleged false representations were which defendant Harris is alleged to have made and upon which the plaintiffs were said to have relied.

For the reasons stated the judgment and order appealed from should be reversed and a new trial had.

All concur. Present — McCurn, P. J., Kimball, Wheeler and Williams, JJ.

Judgment and order reversed, on the law and facts, and a new trial granted, with costs to the appellant to abide the event.